1  Taras Kick, CA Bar No. 143379
2  Taras@kicklawfirm.com
   Tyler Dosaj, CA Bar No. 306938
3  Tyler@kicklawfirm.com
4  Greg Taylor, CA Bar No. 315128
   Greg@kicklawfirm.com
5  **THE KICK LAW FIRM, APC**
6  815 Moraga Drive
   Los Angeles, California 90049
7  Tel: (310) 395-2988 Fax: (310) 395-2088

8  Roger N. Heller, CA Bar No. 215348
9  rheller@lchb.com
   **LIEFF CABRASER HEIMANN &**
10 **BERNSTEIN LLP**
11 275 Battery Street, 29th Floor
   San Francisco, California 94111
12 Tel: (415) 956-1000  Fax: (415) 956-1008

13 Attorneys for Plaintiff Lemmo's Pizzeria, LLC
14 and the Putative Class

15              **UNITED STATES DISTRICT COURT**

16              **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 17 LEMMO'S PIZZERIA, LLC, individually, and on behalf of all others similarly situated, | **CASE NO.: 2:23-CV-06651-ODW (BFMX)** |
| 18 | |
| 19 | <u>**CLASS ACTION**</u> |
| 20          Plaintiff, | **FIRST AMENDED COMPLAINT FOR** |
| 21          vs. | |
| 22 DISCOVER FINANCIAL SERVICES, DFS SERVICES, LLC, DISCOVER BANK, and DOES 1-100, | (1) Breach of Contract, Including the Implied Covenant of Good Faith and Fair Dealing; |
| 23 | (2) Unjust Enrichment; and |
| 24          Defendants. | (3) Violation of Cal. Bus. & Prof. Code §17200, *et seq*. |
| 25 | |
| 26 | **DEMAND FOR JURY TRIAL** |
| 27 | |

28

Plaintiff Lemmo's Pizzeria, LLC ("Plaintiff"), by and through its attorneys, hereby brings this class and representative action against Discover Financial Services, DFS Services, LLC, Discover Bank, and DOES 1 through 100 (collectively "Discover" or "Defendants").

## NATURE OF THE ACTION

1.      The allegations herein are based upon public information, investigation of counsel, and information and belief, except those allegations which pertain to Plaintiff's conduct which allegations are based on personal knowledge.

2.      This is a class and representative action brought by Plaintiff to assert claims in its own right, and in its capacity as the class representative of all other persons and entities similarly situated.

3.      Discover charged Plaintiff and the other members of the Class (defined below) inflated Interchange Fees by systematically and knowingly misclassifying certain Discover credit cards into the incorrect, higher Interchange Rate category. This directly harmed Plaintiff and the Class in the form of Interchange Fee overcharges and directly unjustly benefited Discover in the form of inflated, improper Interchange Fee revenue.

4.      This class action seeks monetary damages, restitution, specific performance, and injunctive relief to stop and correct the misconduct by Discover that is alleged herein. This conduct has the overwhelming common denominator of misclassifying card transactions in order to collect additional fee revenue that would not have been obtained absent the misclassification.

## PARTIES

5.      Plaintiff Lemmo's Pizzeria, LLC is a Limited Liability Company with its principal place of business at 4223 Tierra Rejada Rd, Moorpark, California 93021.  Plaintiff is organized under the laws of California and is a citizen of California.  Plaintiff's sole owners and members are   Michael J. Lemmo and Harrison Jacob Lemmo, both of whom are natural persons who reside in California

FIRST AMENDED  CLASS
ACTION COMPLAINT

with an intent to remain in California and are citizens of California. Plaintiff has accepted Discover cards from its customers since at least September 26, 2019 and paid inflated Interchange Fees to Discover as a result of Discover's misconduct alleged herein.

6.    Defendant Discover Financial Services is a Delaware corporation with its principal place of business in Riverwood, Illinois. Discover Financial Services is the parent company of subsidiaries including Defendants DFS Services LLC and Discover Bank.

7.    Defendant DFS Services LLC is a Delaware Limited Liability Company with its principal place of business in Riverwood, Illinois. The sole owner and member of Defendant DFS Services LLC is Defendant Discover Financial Services, which as alleged above is a Delaware corporation with its principal place of business in Riverwood, Illinois. On information and belief, DFS Services LLC operates the Discover network, which processes Discover credit card transactions, including by assigning an Interchange Fee to such transactions. DFS Services LLC is the servicing agent of Discover Bank, and one of the world's largest payment networks.

8.    Defendant Discover Bank is a federally insured online bank chartered and incorporated in Delaware, with its principal place of business in Riverwood, Illinois. On information and belief, Discover Bank acts as the Issuing Bank for transactions that take place on the Discover card network. Discover Bank issues and services Discover credit card accounts.

9.    Without limitation, defendants DOES 1 through 100 include agents, partners, joint ventures, subsidiaries and/or affiliates of Discover.  As used herein, where appropriate, the term "Discover" is also inclusive of Defendants DOES 1 through 100.

10.    Plaintiff is unaware of the true names of defendants DOES 1 through 100.  Defendants DOES 1 through 100 are thus sued by fictitious names, and the

FIRST AMENDED  CLASS
ACTION COMPLAINT

pleadings will be amended as necessary to obtain relief against defendants DOES 1 through 100 when the true names are ascertained, or as permitted by law or by the Court.

11.     There exists, and at all times herein mentioned existed, a unity of interest and ownership between the named defendants (including DOES) such that any corporate individuality and separateness between the named defendants has ceased, and that the named defendants are *alter egos* in that the named defendants effectively operate as a single enterprise, or are mere instrumentalities of one another.

12.     At all material times herein, each defendant was the agent, servant, co-conspirator and/or employer of each of the remaining defendants, acted within the purpose, scope, and course of said agency, service, conspiracy and/or employment and with the express and/or implied knowledge, permission, and consent of the remaining defendants, and ratified and approved the acts of the other defendants. However, each of these allegations are deemed alternative theories whenever not doing so would result in a contradiction with the other allegations.

13.     Whenever reference is made in this Complaint to any act, deed, or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of their officers, directors, agents, employees, or representatives actively engaged in the management, direction, control, or transaction of Defendants' ordinary business and affairs.

14.     As to the conduct alleged herein, each act was authorized, ratified or directed by Defendants' officers, directors, or managing agents.

## **VENUE AND JURISDICTION**

15.     This Court has subject matter jurisdiction of this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and (6) because: (i) there are 100 or more Class members; (ii) there is an aggregate amount in controversy exceeding $5,000,000.00 exclusive of interest and costs; and (iii)

FIRST AMENDED  CLASS
ACTION COMPLAINT

there is minimal diversity; Plaintiff and the Defendants are citizens of different states.

16.     This Court has personal jurisdiction over Defendants because Defendnats have sufficient minimum contacts in California, and otherwise intentionally avail themselves of the markets within California through their business activities, and directly profit from their activities in California, such that the exercise of jurisdiction by this Court is proper and necessary.  Moreover, this Court has specific personal jurisdiction over Defendants because, *inter alia*: through their conduct alleged herein, Defendants engaged in misconduct in California and directed at California, and availed themselves of the privileges of conducting activities in California; the claims of Plaintiff and the California-based Class members in this case arise out of and directly relate to the Defendants' contacts with, and conduct conducted in and directed at, California; the exercise of jurisdiction over Defendants in California would be fair and reasonable; this Court and California have a very strong interest in adjudicating the matter; this forum would permit the efficient resolution of this lawsuit; and this fourm is convenient to Plaintiff and the Class and would not be unreasonably burdensome to Defendants.

17.     Venue is proper in this District, *inter alia*, pursuant to 28 U.S.C. § 1391(b)(2) because Discover conducts substantial business in this District; and because Plaintiff is located in this District and incurred and paid improper Interchange Fee overcharges in this District.

## **FACTUAL ALLEGATIONS**

18.     Throughout the Class Period, Discover systematically misclassified certain credit cards used in transactions, resulting in the charging of Interchange Fees that were higher than appropriate and higher than Discover promised and was contractually permitted to assess. This misclassification scheme involved the misrepresentation to merchants like Plaintiff, card processors, acquirers, and the general public that certain card transactions fell into higher pricing tier categories

FIRST AMENDED  CLASS
ACTION COMPLAINT

1    than they actually did.

2    **I.    The Mechanics of Credit Card Processing.**

3        19.    There are several components/parties involved with respect to credit

4    card transactions: (1) The cardholder who makes the purchase, (2) the merchant such

5    as Plaintiff, (3) the acquiring bank or "acquirer," which is an intermediary that pays

6    the transaction funds to the merchant, (4) the card processor, which works with the

7    acquirer to process card transactions, (5) the cardholder's issuing bank, which issues

8    the credit card, and (6) the card network.

9        20.    When a Discover cardholder uses their Discover card to execute a

10   transaction, the merchant is not paid immediately. Instead, the merchant processes

11   the transaction and submits it to the processor. The processor, in turn, submits the

12   transaction to the card network.

13       21.    Discover is unique among the major providers of credit cards in that it

14   issues its cards directly to consumers, as opposed to issuing them through third party

15   banks. In terms of the parties identified above, Discover therefore functions as both

16   the issuing bank and the card network in any given Discover card transaction.

17       22.    The card network then processes the transaction, including assigning an

18   Interchange Fee for the transaction, which is based primarily on the applicable

19   Interchange Rate, expressed as a percentage of the transaction amount.  For example,

20   if the applicable Interchange Rate for a transaction is 1.80%, the Interchange Fee for

21   that transaction may be calculated as 1.80% of the transaction amount plus a flat fee

22   of $0.10.  For Discover card transactions, Discover assigns an Interchange Rate, and

23   calculates the Interchange Fee, for the transaction systematically using an internal

24   automated system.

25       23.    The issuing bank then charges the full amount of the transaction to the

26   customer/cardholder's account.

27       24.    Subsequently, the issuing bank sends the amount of the transaction less

28   the Interchange Fee to the acquirer.  For most merchants, including Plaintiff, the

acquirer and/or processor passes the Interchange Fee on to the merchant directly in the form of a reduced payment to the merchant on the transaction. For some merchants, the acquirer and/or processor charges the merchant indirectly for the Interchange Fee, also resulting in reduced payment to the merchant on the transaction.

25.     Finally, the processor deducts its own fee ("markup") and the acquirer may deduct its own fee ("assessment") from the amount received from the issuing bank. The processor then deposits the remaining balance of the transaction into the merchant's account.

26.     Thus, on a given Discover card transaction, the merchant ultimately receives the amount of the transaction less (1) the Interchange Fee, which is retained by Discover, (2) the processor's markup, and (3) the acquirer's assessment, if any.

**II.     Discover's Interchange Rate Sheet.**

27.     The Interchange Fee that the card network applies to a given transaction is determined based on certain factors, including the processing method (*e.g.*, whether the card is present or not present), the merchant category, and the card category.

28.     Discover maintains and publishes an Interchange Rate Sheet, which sets forth particular Interchange Rates to card transactions based on the category into which the card falls. For instance, in the below Interchange Rate Sheet, a card categorized as "Discover Consumer Credit" will be assigned an Interchange Rate of 1.56% of the transaction plus a $0.10 flat fee if the card is present during the transaction. A card categorized, instead, as "Discover Commercial Credit" will be assigned an Interchange Fee of "2.30% + $0.10" assuming the card is present.

<span style="color:red">**Discover Credit Card Rates**</span>

| CARD PRESENT - DISCOVER CREDIT | INTERCHANGE RATE |
|---|---|
| Discover Consumer Credit | 1.56% + $0.10 |
| Discover Rewards Credit | 1.71% + $0.10 |
| Discover Premium Credit | 1.71% + $0.10 |
| Discover Premium Plus Credit | 2.15% + $0.10 |
| Discover Commercial Credit | 2.30% + $0.10 |
| KEYED - DISCOVER CREDIT | INTERCHANGE RATE |
| Discover Consumer Credit | 1.87% + $0.10 |
| Discover Rewards Credit | 1.97% + $0.10 |
| Discover Premium Credit | 2.00% + $0.10 |
| Discover Premium Plus Credit | 2.40% + $0.10 |
| Discover Commercial Credit | 2.30% + $0.10 |

29. Discover's published Interchange Rate Sheet created and constituted a binding contractual obligation and promise by Discover accepted by Plaintiff and the Class, or alternatively created a quasi-contractual obligation by Discover to Plaintiff and the Class, to assign and charge Interchange Rates and Interchange Fees in accordance with the rates and criteria specified in the Interchange Rate Sheet.

30. Througout the Class Period, the Interchange Rates applicable to Discover *consumer* cards were generally lower than the Interchange Rates applicable to Discover *commercial* cards.

31. Discover assigns the card category for Discover card transactions. Merchants, including Plaintiff and the Class, lack sufficient information to discern

FIRST AMENDED CLASS
ACTION COMPLAINT

whether Discover has properly classified cards for their transactions, and they could not reasonably know or detect Discover's misclassification scheme alleged herein.

### III. Discover Systematically Misclassified Card Categories for Certain Discover Card Transactions.

32. In direct breach of its promise and obligation to Plaintiff and the Class, since at least 2008 (if not longer), Discover has systematically and knowingly applied Interchange Rates and Interchange Fees to Discover card transactions accepted by Plaintiff and the Class, that were higher than the rates and fees specified in Discover's Interchange Rate Sheet. This directly harmed Plaintiff and the Class in the form of Interchange Fee overcharges and directly unjustly benefited Discover in the form of inflated, improper Interchange Fee revenue. Discover did this by knowingly and systematically mischaracterizing the card type/category for certain card transactions. Since at least 2008, Discover has systematically and knowingly applied the higher Interchange Rates and Internchange Fees applicable to Commercial Discover card transactions, to certain transactions that did not involve Commercial cards and instead should have been subject to lower Interchange Rates and Interchange Fees.

33. By way of example only, on information and belief, Discover's practice throughout the Class Period was to misclassify Consumer credit cards as Commercial cards for purposes of assigning artificially higher Interchange Rates and Interchange Fees, if the cardholder using the Consumer credit card also maintained a Commercial account with Discover. Thus, even though Discover knew, and its systems reflected, that the cardholder used a Consumer credit card for a transaction, Discover nevertheless misclassified the card used as a Commercial card, misrepresented that the at-issue transaction involved a Commercial card, and improperly assigned the transaction a higher-than-applicable Interchange Rate and Interchange Fee associated with Commercial card transactions. This practice resulted in higher Interchange Fees being paid by Plaintiff and the other merchants

in the Class, and thus resulted in Plaintiff and the Class receiving a smaller portion of the transaction amount than they should have received and would have received but for Discover's misconduct and breach. This practice unjustly benefited Discover in the form of improper, inflated Interchange Fee revenues.

34. At all relevant times, Plaintiff was charged fees on each Discover card transaction processed by Plaintiff, including the Interchange Fee assigned by Discover.

35. Plaintiff and the Class incurred overcharges and were deprived of portions of transaction amounts, that they should have received, as a result of Discover's misclassification conduct alleged herein. Plaintiff had multiple Discover card transactions misclassified by Discover, resulting in multiple overcharges and instances where Plaintiff was deprived of portions of transaction amounts Plaintiff should have received.

36. On information and belief, Discover has been aware of this misclassification issue, and of the resulting overcharges to Plaintiff and the Class, since 2008 or at least for many years, but Discover has nevertheless made the conscious choice to not fix this issue or to provide any retroactive remediation, to date, to Plaintiff and the Class for same.

37. On information and belief, Discover's internal database(s) include, for the Class Period, the information necessary to identify: (a) all instances in which Discover's card misclassifications and the corresponding resulting overcharges to Plaintiff and the Class occurred; and (b) the dollar amounts of the resulting overcharges.

**IV. The Delayed Discovery Doctrine Applies.**

38. Plaintiff and the Class did not discover, and could not reasonably have discovered, their causes of action against Discover until, at the earliest, Discover disclosed its misclassification scheme in regulatory filings that became publicly available on July 19, 2023. (*See* Discover Financial Services Form 8-K, available at

FIRST AMENDED CLASS
ACTION COMPLAINT

1   https://d18rn0p25nwr6d.cloudfront.net/CIK-0001393612/a4db3f93-d8e8-44b2-
2   a895-03b271e7be60.pdf (last accessed on August 11, 2023.))

3       39.    Plaintiff and the Class could not previously have discovered their
4   causes of action, *inter alia*, because they lacked access to Discover's internal data
5   that shows the true Interchange Rate categories for which the transactions in question
6   qualified and which should have applied, and the periodic statements that they
7   received did not provide sufficent information from which they could have
8   reasonably discerned or discovered Discover's misconduct alleged herein.  Plaintiff
9   and the Class had no reasonable means of detecting Discover's misclassification
10  scheme for the additional reason that they reasonably expected that Discover would
11  honestly and accurately represent the true Interchange Rate category of Discover
12  credit cards when processing transactions.

13      40.    Moreover, Discover knew about, and until July 19, 2023 fraudulently
14  concealed from Plaintiff, Class, and the public, its misclassification scheme and the
15  resulting overcharges to Plaintiff and the Class.

16      41.    In light of the foregoing, the applicable statute of limitations period(s)
17  did not begin to run until July 19, 2023.

18  ## CLASS ACTION ALLEGATIONS

19      42.    The preceding allegations are incorporated by reference and re-alleged
20  as if fully set forth herein.

21      43.    Plaintiff brings this case as a class action pursuant to Federal Rules of
22  Civil Procedure 23(a)(b)(1), (b)(2) and (b)(3) on behalf of the following Class and
23  California Subclass:

24      a.     "Class":  All merchants who, at any time from 2008 to the present,
25  accepted Discover credit cards and were charged Interchange Fees for one or more
26  transaction(s) that were higher than the Interchange Fees applicable to such
27  transaction(s) under Discover's contemporaneous Interchange Rate Sheet.

28      b.     "California Subclass":  All merchants within California who, at any

FIRST AMENDED  CLASS
ACTION COMPLAINT

time from 2008 to the present, accepted Discover credit cards and were charged Interchange Fees for one or more transaction(s) that were higher than the Interchange Fees applicable to such transaction(s) under Discover's contemporaneous Interchange Rate Sheet.

44.     Excluded from the Class and California Subclass are: (1) any entity in which Defendants (or any of them) have a controlling interest; (2) officers or directors of Defendants; (3) this Court and any of its employees assigned to work on the case; and (4) all employees of the law firms representing Plaintiff and the Class.

45.     This action has been brought and may be properly maintained on behalf of each member of the Class and Calfiornia Subclass pursuant to Federal Rule of Civil Procedure 23.

46.     **Numerosity** – The members of the Class and California Subclass are so numerous that a joinder of all members would be impracticable.  While the exact numbers of Class and California Subclass members are presently unknown to Plaintiff, and can only be determined through appropriate discovery, Plaintiff believes that the Class and California Subclass are each likely to include at least thousands of members, including based on the fact that Discover is one of the largest card issuers in the United States and is widely accepted by merchants throughout the Untited States and in California.

47.     Upon information and belief, Discover's database(s) and/or other available records include the information needed to identify each member of the Class and California Subclass.

48.     **Commonality –** This action involves common questions of law and fact.  The questions of law and fact common to both Plaintiff and the Class Members include, but are not limited to, the following:

a.     Whether Discover's Interchange Rate Sheet constituted or created a binding contractual obligation to Plaintiff and the Class to assess Interchange Rates and Interchange Fees in accordance with the terms thereof;

FIRST AMENDED  CLASS
ACTION COMPLAINT

b.     Whether, alternatively, Discover had a quasi-contractual obligation to Plaintiff and the Class to assess Interchange Rates and Interchange Fees in accordance with the terms of its Interchange Rate Sheet;

c.     Whether Discover breached its obligation to Plaintiff and the Class by assigning and charging Interchange Rates and Interchange Fees that were higher than those specified in Discover's Interchange Rate Sheet;

d.     Whether Discover has been unjustly enriched by its conduct alleged herein; and

e.     Whether Discover has engaged in unfair, unlawful, and/or fraudulent conduct in violation of Cal. Bus. & Prof. Code § 17200 *et seq*. by its conduct alleged herein (California Subclass).

49.     **<u>Typicality</u>** – Plaintiff's claims are typical of all of the members of the Class and California Subclass.  Plaintiff and the other members of the Class and California Subclass were subject to the same alleged misclassification conduct by Discover and their claims arise under the same legal theories.  Plaintiff, like the other members of the Class and California Subclass, has sustained damages arising from Discover's alleged violations of the laws, as alleged herein.

50.     **<u>Adequacy</u>** – Plaintiff will fairly and adequately protect the interests of the Class and California Subclass members. Plaintiff has retained competent counsel experienced in class action litigation to ensure such protection.  There are no material conflicts between the claims of Plaintiff and the members of the Class and California Subclass that would make class certification inappropriate.  Plaintiff and its counsel intend to prosecute this action vigorously.

51.     **<u>Predominance and Superiority</u>** – The matter is properly maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because the common questions of law or fact identified herein and to be identified through discovery predominate over questions that may affect only individual Class members.  Further, the class action is superior to all other available methods for the fair and efficient

adjudication of this matter. Because the injuries suffered by the individual Class members are relatively small, the expense and burden of individual litigation would make it virtually impossible for Plaintiff and Class members to individually seek redress for Discover's wrongful conduct. Even if any individual person or group(s) of Class members could afford individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. The class action device is preferable to individual litigation because it provides the benefits of unitary adjudication, economies of scale, and comprehensive adjudication by a single court. In contrast, the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the party (or parties) opposing the Class and would lead to repetitious trials of the numerous common questions of fact and law. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

52. Plaintiff does not believe that any other Class member's interest in individually controlling a separate action is significant.

53. Plaintiff anticipates the issuance of notice, setting forth the subject and nature of the instant action, to the proposed Class members. Upon information and belief, Discover's own business records, other available records, and/or electronic media can be utilized for the contemplated notices. To the extent that any further notices may be required, Plaintiff anticipates the use of additional media and/or mailings.

54. Discover, the party that may potentially oppose class certification, has acted or refused to act on grounds generally applicable to the Class and California Subclass, thereby making appropriate final injunctive relief or corresponding declaratory relief.

FIRST AMENDED CLASS
ACTION COMPLAINT

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT INCLUDING THE IMPLIED COVENANT**

**OF GOOD FAITH AND FAIR DEALING**

**(On behalf of Plaintiff and the Class)**

55.     Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

56.     Discover's contemporaneous published Interchange Rate Sheets constitute binding contractual obligations and promises to Plaintiff and the Class.

57.     Discover breached the terms of its contracts with Plaintiff and the Class when it misclassified certain transactions into higher pricing tiers and correspondingly applied and charged higher Interchange Rates and Interchange Fees than provided in the contemporaneous Interchange Rate Sheets.

58.     Plaintiff and the Class have performed all of the obligations on them pursuant to the contracts.

59.     Plaintiff and the Class have sustained monetary damages as a result of Discover's breaches alleged herein, including in the form of overcharges and/or reduced funds received in connection with transactions.

60.     Discover's conduct alleged herein also breached the implied covenant of good faith and fair dealing, which is incorporated into Plaintiff's and the Class' contracts with Discover.  Those contracts impose upon each party a duty of good faith and fair dealing.  Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means honoring the spirit – not merely the letter – of the bargain.  Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form.  Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of contracts.

61.     Subterfuge and evasion violate the obligation of good faith in

FIRST AMENDED  CLASS
ACTION COMPLAINT

performance even when an actor believes their conduct to be justified. Bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty. Examples of bad faith are evasion of the spirit of the bargain, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

62. Discover breached the implied covenant of good faith and fair dealing in its contracts with Plaintiff and the Class when it knowingly misclassified certain transactions into higher pricing tiers and correspondingly overcharged Plaintiff and the Class. Assuming *arguendo* that Discover had any contractual discretion to classify transactions by card category (which assumption Plaintiff would dispute), Discover abused any such discretion by systematically, knowingly, and in bad faith classifying transactions into card categories at higher pricing tiers than they qualified for and which were subject to substantially higher Interchange Rates and Interchange Fees than were supposed to apply to the transactions in question.

63. Plaintiff, on behalf of itself and the Class, seeks damages for Discover's breaches of contract alleged herein, in an amount to be proven at trial.

64. Plaintiff, on behalf of itself and the Class, seeks an order requiring specific performance by Discover of its obligations under its Interchange Rate Sheets.

### SECOND CAUSE OF ACTION
### UNJUST ENRICHMENT
### (On Behalf of Plaintiff and the Class)

65. The preceding allegations are incorporated by reference and re-alleged as if fully set forth herein.

66. To the extent required, this cause of action is pled in the alternative.

67. Discover's contemporaneous published Interchange Rate Sheets created a quasi-contractual obligation by Discover to Plaintiff and the Class to assign and charge Interchange Rates and Interchange Fees in accordance with the rates and

1    criteria specified therein.

2        68.    As alleged herein, for Plaintiff and the Class, Discover assigned and

3    charged Interchange Rates and Interchange Fees to Discover card transactions that

4    were higher than those specified in Discover's contemporaneous Interchange Rate

5    Sheets.

6        69.    As a result of the misconduct alleged above, Discover unjustly received

7    and retained millions of dollars in Interchange Fee overcharges assessed to Plaintiff

8    and the Class.

9        70.    Plaintiff and the Class paid the Interchange Fee overcharges assessed

10   by and received by Discover (or had the amounts in question improperly withheld

11   from the proceeds they received on the transactions in question, which amounts

12   Discover retained and received).  Plaintiff and the Class have conferred a benefit on

13   Discover that Discover does not deserve. Discover has knowledge of this benefit, as

14   well as the wrongful circumstances under which it was conveyed, and yet has

15   voluntarily accepted and retained the benefit conferred. Should it be allowed to

16   retain such funds, Discover would be unjustly enriched.

17       71.    Plaintiff and the Class lack an adequate remedy at law to recover the

18   amounts sought in restitution by this claim: (a) to the extent Discover's Interchange

19   Rate Sheets are deemed to not constitute or create a contractual obligation, or

20   Discover's applying and charging Interchange Rates and Interchange Fees in excess

21   of the rates/fees set forth in Discover's Interchange Rate Sheets are otherwise not

22   deemed to constitute a basis for a breach of contract claim; (b) to the extent any or

23   all of the amounts sought in restitution by this unjust enrichment claim are deemed

24   not available under Plaintiff's breach of contract claim (e.g., if only a portion of the

25   overcharges were deemed recoverable under such legal claim); and/or (c) to the

26   extent the legal claim pled is deemed barred by any affirmative defense that would

27   not apply to this unjust enrichment claim.

28       72.    Plaintiff, on behalf of itself and the Class, seeks restitution from

17

Discover of the Interchange Fee overcharges alleged herein.

## THIRD CAUSE OF ACTION

## VIOLATION OF UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §17200, *ET SEQ.*

**(On Behalf of Plaintiff and the California Subclass)**

73.     The preceding allegations are incorporated by reference and re-alleged as if fully set forth herein.

74.     To the extent required, this cause of action is pled in the alternative.

75.     Discover's conduct described herein violates the "unfair," "unlawful," and "fraudulent" prongs of California's Unfair Competition Law (the "UCL"), codified at California Business and Professions Code §§ 17200, *et seq*.

76.     By its conduct alleged herein, Discover has violated the "unfair" prong of the UCL, including without limitation by : (a) promising Plaintiff and the California Subclass that certain Interchange Rates and Interchange Fees would apply to particular categories of Discover card transactions, and then charging Plaintiff and the California Subclass higher Interchange Rates and Interchange Fees than Discover promised, pursuant to Discover's misclassification scheme alleged herein; (b) hiding and obfuscating its misclassification scheme from Plaintiff and the Caifornia Subclass; and (c) failing to fix or provide retroactive remediation to Plaintiff and the California Subclass for its misclassification and resulting overcharges despite having knowledge of same for years.

77.     Discover's conduct alleged herein is immoral, unethical, oppressive, unscrupulous, unconscionable, and substantially injurious to Plaintiff and the California Subclass.  By its conduct alleged herein, Discover has already improperly extracted and retained for itself at least millions of dollars from merchants in California alone.  There is no utility to Discover's alleged misconduct, and even if there were any utility, it would be significantly outweighed by the gravity of the harm caused by Discover's conduct alleged herein.

FIRST AMENDED  CLASS
ACTION COMPLAINT

78.     Discover's conduct alleged herein also violates California public policy, including as such policy is reflected in Cal. Civ. Code § 1750, *et seq.*, Cal. Civ. Code §§ 1709-1710, and California common law relating to contracts.

79.     By its conduct alleged herein, Discover has also violated the "unlawful" prong of the UCL, including by breaching contractual promises and/or violating the implied covenant of good faith and fair dealing.

80.     By its conduct alleged herein, Discover has also violated the "fraudulent" prong of the UCL, including by misrepresenting that card transactions by customers of Plaintiff and the California Subclass qualified for higher pricing tiers than was the case, and by concealing and obfuscating its misclassification scheme from Plaintiff and the California Subclass. Discover had unique, exclusive knowledge of the facts that it misrepresented and concealed, and was under a duty to tell the truth and to not hide, obfuscate, or misrepresent the truth.

81.     By its conduct alleged herein, Discover received and retained money from Plaintiff and the California Subclass that Discover should not have received and retained, including Interchange Fee overcharges.

82.     As a direct and proximate result of Discover's unfair, fraudulent, and unlawful conduct alleged herein, Plaintiff and the California Subclass members lost money and have lost other property and benefits in which Plaintiff and the California Subclass have a vested interest.

83.     Plaintiff and the California Subclass lack an adequate remedy at law to recover the amounts sought in restitution by this claim: (a) to the extent Discover's Interchange Rate Sheets are deemed to not constitute or create a contractual obligation, or Discover's applying and charging Interchange Rates and Interchange Fees in excess of the rates/fees set forth in Discover's Interchange Rate Sheets are otherwise not deemed to constitute a basis for a breach of contract claim; (b) to the extent any or all of the amounts sought in restitution by this UCL claim are deemed not available under Plaintiff's breach of contract claim (e.g., if only a portion of the

overcharges were deemed recoverable under such legal claim); and/or (c) to the extent the legal claim pled is deemed barred by any affirmative defense that would not apply to this UCL claim. The UCL gives courts broad equitable power to "make such orders or judgments…as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Cal. Bus. & Prof. Code § 17203.

84. Plaintiff and the California Subclass lack an adequate remedy at law to obtain injunctive relief requiring Disscover to stop its misclassification practice and corresponding overcharges, to the extent the specific performance remedy for their breach of contract claim is determined to require anything less than such relief. The UCL gives courts broad equitable power to "make such orders or judgments…as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition." Cal. Bus. & Prof. Code § 17203.

85. Plaintiff seeks an order granting restitution to Plaintiff and the California Subclass in an amount to be proven at trial, including for the Interchage Fee overcharges that Plaintiff and the California Subclass have paid (or alternatively the portions of the transaction amounts they have been deprived of that they should have received) as a result of Discover's violations alleged herein.

86. Discover's conduct has caused substantial injury to Plaintiff and the California Subclass, and on information and belief is ongoing. Plaintiff, on behalf of itself and the California Subclass, seeks an order enjoining Discover from continuing its misconduct alleged herein, ordering Discover to honor its promises and to charge the appropriate applicable Interchange Rates and Interchange Fees to Plaintiff and other merchants in California that accept Discover cards.

87. Plaintiff, on behalf of itself and the California Subclass, further seeks an award of attorneys' fees and costs under Cal. Code Civ. Proc. § 1021.5.

///

///

FIRST AMENDED CLASS
ACTION COMPLAINT

1

## **PRAYER**

2       WHEREFORE, Plaintiff, on behalf of itself and the Class and California

3  Subclass, pray for judgment as follows:

4       1.     For an order certifying this action as a class action, appointing

5  Plaintiff's counsel as class counsel, and appointing Plaintiff as class representative;

6       2.     For compensatory damages and restitution on all applicable claims and

7  in an amount to be proven at trial;

8       3.     For an order requiring Discover to disgorge, restore, and return all

9  monies wrongfully obtained together with interest calculated at the maximum legal

10  rate;

11       4.     For an order enjoining the wrongful conduct alleged herein;

12       5.     For an order requiring specific performance by Discover of its

13  contractual obligations to Plaintiff and the Class;

14       6.     For costs;

15       7.     For pre-judgment and post-judgment interest as provided by law;

16       8.     For attorneys' fees under the common fund doctrine, and all other

17  applicable law and sources; and,

18       9.     For such other relief as the Court deems just and proper.

19

## **DEMAND FOR JURY TRIAL**

20       Plaintiff, on behalf of itself and the Class and California Subclass, demand a

21  trial by jury on all issues so triable.

22

23  Dated: September 5, 2023       Respectfully submitted,

24

25                     /s/ *Taras Kick*

26                     Taras Kick, CA Bar No. 143379
Taras@kicklawfirm.com

27                     Tyler Dosaj, CA Bar No. 306938
Tyler@kicklawfirm.com

28

FIRST AMENDED CLASS
ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Greg Taylor, CA Bar No. 315128
Greg@kicklawfirm.com
**THE KICK LAW FIRM, APC**
815 Moraga Drive
Los Angeles, California 90049
Tel: (310) 395-2988 Fax: (310) 395-2088

Roger N. Heller, CA Bar No. 215348
rheller@lchb.com
**LIEFF CABRASER HEIMANN &**
**BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: (415) 956-1000  Fax: (415) 956-1008

Attorneys for Plaintiff Lemmo's Pizzeria,
LLC and the Putative Class

FIRST AMENDED  CLASS
ACTION COMPLAINT