**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CAPP, INC., YOUNG PEOPLES DAY CAMPS INC., KMJA DAY CAMPS, INC., AND PRAYUS GROUP LLC,** on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>**DISCOVER FINANCIAL SERVICES, DFS SERVICES, LLC, AND DISCOVER BANK**,<br><br>        Defendants. | Case No. 1:23-cv-04676-SCS<br><br>**PLAINTIFFS' MOTION TO CONSOLIDATE RELATED CASES** |
| **LEMMO'S PIZZERIA, LLC**, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>**DISCOVER FINANCIAL SERVICES, DFS SERVICES, LLC, DISCOVER BANK, AND DOES 1–100,**<br><br>        Defendants. | Case No. 1:23-CV-14250-SCS |
| **SUPPORT ANIMAL HOLDINGS, LLC, and LENNYS CASITA, LLC**, individually, and on behalf of all other similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>**DISCOVER FINANCIAL SERVICES, DFS SERVICES, LLC, DISCOVER BANK, AND DOES 1–100,**<br><br>        Defendants. | Case No. 1:23-CV-15297-SCS |

## MOTION AND MEMORANDUM IN SUPPORT OF CONSOLIDATION

Pursuant to Fed. R. Civ. P. 42(a), Plaintiffs CAPP, Inc., Young Peoples Day Camps Inc., KMJA Day Camps, Inc., Prayus Group LLC, Lemmo's Pizzeria, LLC, Support Animal Holdings, LLC, and Lenny's Casita, LLC ("Plaintiffs") move to consolidate three related class actions currently pending before this Court—*CAPP, Inc. et al. v. Discover Financial Services et al.*, No. 1:23-cv-04676-SCS (filed July 19, 2023) ("*CAPP*"); *Lemmo's Pizzeria, LLC v. Discover Financial Services et al.*, No. 1:23-CV-14250-SCS (filed Aug. 14, 2023) ("*Lemmo's*"); and *Support Animal Holdings, LLC v. Discover Fin. Servs.*, No. 1:23-cv-15297-SCS (filed Aug. 29, 2023) ("*Support Animal*") (collectively, the "Related Actions").

The three Related Actions all arise out of the same alleged conduct by Discover—*i.e.*, its alleged misclassification of certain credit card transactions resulting in alleged overcharges. The actions raise many of the same issues of fact and law and seek overlapping relief for Plaintiffs and the proposed classes in the actions. The circumstances here strongly support consolidation. Consolidation will promote judicial efficiency without prejudicing Discover. Plaintiffs therefore respectfully move the Court to consolidate the Related Actions—and any other related actions that may come before this Court—for all purposes.

Concurrent with this motion, the parties have filed a Joint Motion to Stay Related Actions Pending Mediation. The parties respectfully request that this Court not rule on this motion unless the Court denies the requested stay, or the stay expires or is lifted.

A proposed order is being submitted herewith.

## I. BACKGROUND

As alleged in the operative complaints in these actions, for small business and other merchants that accept Discover credit cards, Discover charges an interchange fee on each credit card transaction, the percentage rate for which is determined based on factors that include the type

- 1 -

2925515.2

of Discover credit card used (*e.g.*, consumer card, commercial card, rewards card). *CAPP* Compl. ¶¶ 29–32; *Lemmo's* Compl. ¶¶ 27–31; *Support Animal* Compl. ¶ 27. Plaintiffs allege that for a period of several years, unbeknownst to merchants, Discover systematically and knowingly misclassified certain types of credit cards as commercial credit cards, which are typically assigned by Discover the highest interchange fee rates, resulting in substantial fee overcharges. *CAPP* Compl. ¶¶ 33–44; *Lemmo's* Compl. ¶¶ 32–37; *Support Animal* Compl. ¶¶ 29–31.

On July 19, 2023, plaintiffs CAPP, Inc., Young Peoples Day Camps Inc., and KMJA Day Camps, Inc. commenced a class action against Discover[1] in the Northern District of Illinois, *CAPP, Inc. et al. v. Discover Fin. Servs.*, No. 1:23-cv-04676; and plaintiffs in the *CAPP* action filed an amended complaint on August 11, 2023, naming Prayus Group LLC as an additional plaintiff and including additional allegations (*CAPP*, ECF No. 13). On August 14, 2023, plaintiff Lemmo's Pizzeria, LLC commenced a class action against Discover in the Central District of California, *Lemmo's Pizzeria, LLC v. Discover Fin. Servs.*, No. 1:23-cv-14250; plaintiff in the *Lemmo's* action filed an amended complaint on September 5, 2023 (*Lemmo's*, ECF No. 15); and pursuant to a stipulation, the *Lemmo's* action was transferred to this District on September 12, 2023 (*Lemmo's*, ECF No. 21). On August 29, 2023, plaintiffs Support Animal Holdings, LLC and Lenny's Casita, LLC commenced a class action against Discover in the Central District of California, *Support Animal Holdings, LLC v. Discover Fin. Servs.*, No. 1:23-cv-15297; pursuant to a stipulation, the *Support Animal* action was transferred to this District on October 3, 2023 (*Support Animal*, ECF No. 14).

---

[1] "Discover" refers to defendants Discover Financial Services, DFS Services, LLC, and Discover Bank.

On January 8, 2024, this Court issued an order granting two motions for reassignment (ECF Nos. 30, 32), finding that the *Lemmo's* and *Support Animal* actions "are sufficiently related [to the *CAPP* action] for purposes of Local Rule 40.4," and thus ordering that the *Lemmo's* and *Support Animal* actions be reassigned to this Court (*CAPP*, ECF No. 36). On January 8, 2024, the *Lemmo's* and *Support Animal* actions were reassigned to this Court (*Lemmo's* ECF No. 41; *Support Animal* ECF No 21).

## II.     THE RELATED CASES SHOULD BE CONSOLIDATED.

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may (1) join for hearing or trial any or all matters at issue in the action; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). "Rule 42(a) allows consolidation of trial or pretrial proceedings, or both." *Robbins v. Pepsi-Cola Metro. Bottling Co.*, Civ. No. 84-170, 1985 WL 5130, at *3 n.4 (N.D. Ill. Dec. 26, 1985). "Consolidation is proper where no undue prejudice exists as to any party and it will promote judicial efficiency and prevent inconsistent rulings." *Unified Messaging, Sols., LLC v. United Online, Inc.*, Civ. No. 13- 00343, 2013 WL 1874211, at *4 (N.D. Ill. May 3, 2013); *see also Sylverne v. Data Search N.Y., Inc.*, Civ. No. 08- 0031, 2008 WL 4686163, at *1 (N.D. Ill. May 28, 2008) (courts "should consider whether the proposed consolidation would promote convenience and judicial economy"). "Courts enjoy broad discretion in determining whether to consolidate cases." *Unified Messaging*, 2013 WL 1874211, at *4.

Plaintiffs respectfully request that the Court consolidate the Related Actions, and any other related actions that may come before this Court, for all purposes pursuant to Rule 42(a)(2).

**A.    The Actions Involve Common Factual and Legal Questions as Well as Overlapping Classes.**

Consolidation is permitted when multiple cases "involve a common question of law or fact." Fed. R. Civ. P. 42(a).  Here, the Related Actions concern the same practice by Discover, include overlapping proposed classes, and involve many of the same factual and legal issues.  All three actions allege that Discover systematically and knowingly misclassified certain credit cards and charged higher interchange fee rates than if those credit cards were properly classified. *See CAPP* Compl. ¶¶ 24–32; *Lemmo's* Compl. ¶¶ 19–37; *Support Animal* Compl. ¶¶ 29–31. In addition to certain state subclasses, each Related Action alleges a nationwide class of merchants who alleged to be harmed by the misclassification scheme. *CAPP* Compl. ¶ 76; *Lemmo's* Compl. ¶ 43; *Support Animal* Compl. ¶ 35. Moreover, each Related Action seeks monetary damages, restitution, and injunctive relief. *See CAPP* Compl. ¶ 12; *Lemmo's* Compl. ¶ 4; *Support Animal* Compl. ¶ 3. The existence of multiple common factual and legal questions favors consolidation. *See*, *e.g.*, *Sylverne*, 2008 WL 4686163, at *1 (consolidating cases which "present[ed] common questions of fact" and "a common question of law"); *Brunner v. Jimmy John's LLC*, Civ. No. 14-550915, 2016 WL 7232560, at *2 (N.D. Ill. Jan. 14, 2016) (consolidating two cases with overlapping FLSA claims and collectives).

**B.    Consolidation Will Promote Efficiency and Judicial Economy.**

Consolidation for all purposes under Rule 42(a)(2) will help preserve judicial economy and to avoid waste and delay. Given that the cases concern the same alleged practice by Discover, several key issues the Court would address in ruling on separate motions to dismiss, motions for class certification, and motions for summary judgment, for example, would overlap in significant part between the three Related Actions. Likewise, separate trials in these cases would no doubt concern many of the same issues and overlapping evidence.

2925515.2

Furthermore, given the substantial overlap between the three Related Actions, proceeding separately would result in duplicative discovery, require the parties and the Court to resolve several identical or essentially identical issues at different times and in separate proceedings, and potentially risk inconsistent rulings. Proceeding separately would thus waste judicial resources and be inefficient. *See Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970) (observing that "cases [which] involve common questions of fact, and share some identical questions of law . . . were prime subjects for consolidation under the policy that considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event"); *Sylverne*, 2008 WL 4686163, at *2 (noting that failure to consolidate there "would lead to a substantial waste of judicial time and resources").

### C. Consolidation Will Not Unduly Prejudice Discover.

Discover will not be prejudiced by consolidation. To the contrary, Discover will benefit from the efficiency gains that would come from consolidation discussed above. Consolidation is the most practical way to ensure these actions move forward efficiently.

## III. <u>CONCLUSION</u>

For the above reasons, the Court should grant Plaintiffs' motion and enter the attached proposed order consolidating the Related Actions and any other related actions that may come before this Court.

- 5 -

2925515.2

Dated: January 23, 2024                Respectfully submitted,

By:   */s/ Catherine Pratsinakis*

Catherine Pratsinakis
Nina C. Spizer
DILWORTH PAXSON LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Telephone:  (215) 575-7000
Facsimile:  (215) 575-7200
cpratsinakis@dilworthlaw.com
nspizer@dilworthlaw.com

*Counsel for Plaintiffs CAPP, Inc., Young Peoples Day Camps Inc., KMJA Day Camps, Inc., and Prayus Group LLC in Case No. 1:23-cv-04676*

By:   */s/ Roger N. Heller*

Roger N. Heller (*pro hac vice*)
Michael K. Sheen (*pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: (415) 956-1000
Fax: (415) 956-1008
rheller@lchb.com
msheen@lchb.com

Margaret M. Becko (*pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel.: (212) 355-9500
Fax: (212) 355-9592
mbecko@lchb.com

*Counsel for Plaintiffs Lemmo's Pizzeria, LLC in Case No. 1:23-CV-14250-SCS*

- 6 -

2925515.2

By:   /s/ Taras Kick

     Taras Kick (*pro hac vice* admitted)
     Tyler Dosaj (*pro hac vice* admitted)
     Greg Taylor (*pro hac vice* forthcoming)
     THE KICK LAW FIRM, APC
     815 Moraga Drive
     Los Angeles, California 90049
     Tel: (310) 395-2988
     Fax: (310) 395-2088
     Taras@kicklawfirm.com
     Tyler@kicklawfirm.com
     Greg@kicklawfirm.com

     *Counsel for Plaintiffs Lemmo's Pizzeria, LLC in Case No. 1:23-CV-14250-SCS*

By:   /s/ Joshua B. Silverman

     Lesley Portnoy
     Lesley Portnoy, Esq.
     PORTNOY LAW FIRM
     1100 Glendon Ave. 15th Floor
     Los Angeles, CA 90024
     Tel: (310) 692-8883
     Email:  lesley@portnoylaw.com

     Joshua B. Silverman
     Christopher P.T. Tourek
     POMERANTZ LLP
     10 South LaSalle St.
     Suite 3505
     Chicago, Illinois  60603
     Tel: (312) 377-1181
     jbsilverman@pomlaw.com
     ctourek@pomlaw.com

     *Counsel for Plaintiffs Support Animal Holdings, LLC and Lenny's Casita, LLC in Case No. 1:23-CV-15297-SCS*

- 7 -

## **CERTIFICATION PURSUANT TO GENERAL ORDER 16-0020**

I hereby certify that the content of the document is acceptable to all persons required to sign the document, and all such persons have consented to inclusion of their electronic signatures on the document.

Dated:  January 23, 2024                    /s/ *Roger N. Heller*

2925515.2